IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TEOFILO CARABALLO DE LA CRUZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL NO. 05-1975(PG)<br>Criminal No. 03-211 (PG) |

## REPORT AND RECOMMENDATION

### INTRODUCTION

On September 14, 2005, petitioner Teofilo Caraballo De La Cruz filed a *pro-se* motion, affidavit and memorandum in support of a 28 U.S.C. § 2255 petition seeking to vacate his conviction and sentence imposed after a guilty plea in Criminal No. 03-211 (PG). Petitioner submits he was deprived of effective assistance of counsel for not filing a request for dismissal on speedy trial terms violations, submitting arguments for a shorter sentence or downward departure based on his deportable status and not requesting credit for administrative detention while under custody of the Immigration and Customs Enforcement ("ICE"), former Immigration and Naturalization Services ("INS"). **(Docket No. 1)**. The §2255 petition was referred to this Magistrate Judge for report and recommendation. (**Docket Nos. 3, 4**).

On October 25, 2005, the United States filed its Response to petitioner's motion for post-conviction relief (**Docket No. 7**).

### PROCEDURAL BACKGROUND

Above petitioner was charged initially charged on August 6, 2003, with an Indictment for a violation to 8 U.S.C. § 1326(a)(2) and (b)(2), in that being an alien previously deported

from the United States, was found in Puerto Rico, without obtaining prior to his re-embarkation, the express consent of the Attorney General or his designee. The offense was committed after petitioner was convicted of an aggravated felony.

On October 20, 2003, petitioner informed his intention to enter a plea of guilty (Docket No. 16) and shortly thereafter the government informed a Motion to Grant the Defendant Acceptance of Responsibility Pursuant to Sentencing Guideline Section 3E1.1(b) **(Criminal No. 03-211, Docket No. 19**).

On October 27, 2003, a Rule 11 hearing was held and petitioner was thereafter sentenced on February 2, 2004, within the applicable Sentencing Guideline Range of 41-51 months, to the lower end of Forty One (41) months of imprisonment and a supervised release term of three (3) years.

## LEGAL ANALYSIS

### I. Ineffective Assistance of Counsel.

Petitioner claims his counsel was ineffective for failure to file a request for dismissal of the Indictment for violations to the provisions of the Speedy Trial Act, 18 U.S.C. §1361(b), that is, not being indicted within thirty (30) days from his arrest. Petitioner also submits counsel did not request a downward departure based on his deportable status and, thus, obtain a shorter sentence term nor request credit for the time he had previously spent detained with the Immigration authorities.

A claim of ineffective assistance of counsel should first address this petitioner's non-compliance with the requisites in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984). The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard

of reasonableness and that prejudice resulted. Strickland, 466 U.S. at 687. *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*.

Pursuant to Strickland, 466 U.S. at 688 counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms. In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance.

### A. Dismissal of the Indictment on Speedy Trial Violations.

Petitioner in this case did not go to a trial by jury but instead made a change of plea upon which he waived, if knowing and intelligently entered, other constitutional rights such as the right to confrontation, to a jury trial, and to a speedy trial, and the right to be free from twice being placed in jeopardy. Schneckloth v. Bustamonte, 412 U.S. 218, 237, 93 S.Ct. 2041, 2053 (1973). Thus, by entering a guilty plea, a defendant effectively waives several constitutional rights. For that waiver to be valid, due process requires that the plea amount to a voluntary and "intentional relinquishment or abandonment of a known right or privilege." McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171 (1969) (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023 (1938)). *See* United States v. Ribas-Dominicci, 50 F.3d 76, 78 (1st Cir. 1995). For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst,

304 U.S. at 464. Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. *See* United States v. Parra-Ibanez, 936 F.2d 588, 595 (1st Cir. 1991).

In McMann v. Richardson, 397 U.S. 759, 766, 90 S.Ct. 1441, 1446 (1970), the Supreme Court stated that since a guilty plea constituted a waiver of a host of constitutional rights, "it must be an intelligent act 'done with sufficient awareness of the relevant circumstances and likely consequences.' " Brewer v. Williams, 430 U.S. 387, 418, 97 S.Ct. 1232, 1249 (1977).

The proper inquiry herein is whether the plea was knowing, voluntary, and intelligent in conformity with Rule 11. *See* United States v. Martínez-Molina, 64 F.3d 719, 732 (1st Cir. 1995); United States v. Cotal-Crespo, 47 F.3d 1, 3 (1st Cir.1995).

A review of the record shows the Rule 11 hearing was entertained by the Court on October 27, 2003. Petitioner was personally addressed and he indicated being satisfied with his defense counsel and knowingly waiving a series of constitutional rights explained by the Court (Transcript 10-27-2003). The record shows, and petitioner has not contested, a proper Rule 11 colloquy was conducted and petitioner was personally addressed by the Court at the time of sentencing. He indicated being satisfied with his counsel, being fully aware of his constitutional rights, and knowingly waiving same.

Thus, even though petitioner has not raised any issue as to the voluntariness of his plea, this Magistrate Judge briefly addresses the point for the benefit of the Court that a perusal of all the documents of record, the transcript of the Rule 11 and the sentencing proceedings, indicate the plea was intelligent, knowing and voluntary. Thus, petitioner herein should have established, and he failed to do so, that his plea was not knowing and voluntary.

Teófilo Caraballo de la Cruz v. United States
Civil No. 05-1975(PG)
Report and Recommendation
Page No. 5

Additionally, the record also fails to support petitioner's averments of prosecutorial delay. In his memorandum of law, petitioner claims he was arrested by Immigration authorities on July 2, 2003, and it was not until August 6, 2003, that the Indictment charging a violation to 8 U.S.C. §1326(a)(2) and (b)(2) was filed, some thirty five (35) days later. As such, petitioner claims a Speedy Trial violation for the excess of thirty (30) days in filing the accusation.

The record shows the arrest warrant regarding the Indictment in this case was prepared by the Clerk of the Court on August 6, 2003, and was returned executed upon arrest of defendant on August 7, 2003. Petitioner is thus claiming that the initial administrative detention by Immigration should be counted for speedy trial purposes.

The government's response properly submits the Court of Appeals for the First Circuit has previously rejected above petitioner's arguments. A defendant is not arrested, pursuant to the speedy trial, until the initial appearance on the federal charges is held notwithstanding he was earlier detained by Immigration. United States v. Garcia Martínez, 254 F.3d 16 (1st Cir. 2001).[1] Other Circuits Courts which have also considered this issue have concluded that an arrest on civil charges does not normally trigger the thirty-day clock under the Speedy Trial Act. *See, e.g.*, United States v. Cepeda-Luna, 989 F.2d 353, 356-58 (9th Cir. 1993) (STA not triggered when defendant detained on civil charges by INS); *see also* United States v. Noel, 231 F.3d 833, 836 (11th Cir.2000) (collecting cases). *Cf.* United States v. Chapman, 954 F.2d 1352, 1358 n. 8 (7th Cir. 1992) (STA not triggered when defendant arrested by state officers and questioned by federal officers) (citing Supreme Court cases making clear that the speedy trial

---

[1] Arrest on civil charges by the INS did not trigger Speedy Trial Act where criminal charges were filed later in absence of collusion or evidence that the detention was for the sole or primary purpose of preparing for criminal prosecution. García-Martínez, 254 F.3d at 18.

protections of the Sixth Amendment are triggered only by a federal arrest or indictment); United States v. Marion, 404 U.S. 307, 320-21, 92 S.Ct. 455, 463-64 (1971); *accord* United States v. Zukowski, 851 F.2d 174, 178 (7th Cir. 1988); United States v. Blackmon, 874 F.2d 378, 381-82 (6th Cir. 1989) (same); United States v. Taylor, 814 F.2d 172, 174-75 (5th Cir. 1987) (STA not triggered when defendant arrested by state officers on state charges even though federal detainer had been lodged); United States v. Bell, 833 F.2d 272, 277 (11th Cir. 1987) (STA not triggered when defendant arrested by state authorities on state charges although in a joint state-federal investigation).

As such, petitioner cannot assert a speedy trial violation nor that counsel was ineffective for failure to request dismissal of the Indictment under such rationale.

**B.  Downward Departure for Deportable Status**.

Petitioner also avers his attorney was ineffective for failure to secure a possible shorter sentence had he argued his deportable status. First, the record contravenes petitioner's assertions because the sentencing Court was fully aware of petitioner's alien status and the resulting deportation.[2] Furthermore, defense counsel Juan Matos de Juan, from the Federal Public Defender's Office, argued to the sentencing Court and did not stand mute to petitioner's predicament, even discussing the economic conditions of Dominican nationals who are forced out of their country to improve their livelihood (Transcript 2-2-2004 p. 8).

Foremost, the claim of entitlement to a downward departure for petitioner's deportable status runs contrary to legal precedent. In United States v. Vasquez, 279 F.3d 77, 81 (1st Cir.

---

[2] At the sentencing hearing, the Court indicated that if defendant was removed, by the Bureau of Immigration and Customs Enforcement, he was to remain outside the United States and all places subject to its jurisdiction unless prior written permission to re-enter was obtained. (Transcript 2-2-2004, p. 11).

2002), the Court of Appeals for the First Circuit, negated as permissible ground for departure the adverse consequences to an alien who will face future deportation.[3]

In view of the foregoing, counsel cannot be deemed ineffective for failure to request such a departure.

### C. Credit for Administrative Detention under INS.

Petitioner also claims that his counsel was ineffective for not seeking credit for the thirty five (35) days he spent incarcerated by the Bureau of Prisons prior to the filing of the Indictment. The government opposes this averment since petitioner has not initially resorted to the Attorney General or the Bureau of Prison seeking credit for such time.

There is no controversy that this offense was "inextricably related and inextricably intertwined" with the offense for which petitioner was detained at MDC by Immigration authorities. The Supreme Court has disposed of this argument. Still, the Supreme Court has indicated that § 3585(b) authorizes a district court to award credit at sentencing.... Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, could not have applied apply § 3585(b) at sentencing. United States v. Wilson, 503 U.S. 329, 333, 112 S.Ct. 1351 (1992). For this reason, the computation of credit for time served must be made in the first instance by the Attorney General, through the Bureau of Prisons. *See id.* at 335, 112 S.Ct. 1351. Prisoners may then seek administrative review of the

---

[3] Thus, under USSG § 2L1.2 following conviction for an illegal reentry offense, adverse collateral penal consequences of the type and kind feared by the appellant were not a cognizable basis for a downward departure. See United States v. Martinez-Carillo, 250 F.3d 1101, 1106-07 (7th Cir. 2001); United States v. Cardosa-Rodríquez, 241 F.3d 613, 614 (8th Cir. 2001); United States v. Garay, 235 F.3d 230, 232-34 (5th Cir. 2000); United States v. Martínez-Ramos, 184 F.3d 1055, 1057-59 (9th Cir. 1999); United States v. Ebolum, 72 F.3d 35, 37- 39 (6th Cir. 1995).

computation of their credits, *see* 28 C.F.R §§ 542.10-.16 (1990), and, if necessary, "seek judicial review of these computations after exhausting their administrative remedies." *Id.*

Accordingly, appellant's contention of error is without merit. United States v. Collazo-Aponte, 216 F.3d 163, 205-206 (1st Cir. 2000).

Although petitioner would have no grounds for a claim of ineffective assistance as to this issue, he may seek administratively for credit of the time he served under federal custody and should resort to administrative claim with the Bureau of Prisons.[4]

Thus, from an examination of the available criminal record, the Rule 11 transcript, and the sentencing proceedings, this Magistrate Judge cannot find that defense counsel's performance was unreasonable.

## II. Request for an Evidentiary Hearing.

A prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right. *See* United States v. McGill, 11 F.3d 223, 225 (1st Cir.1993). Even if a hearing is requested, a district court properly may forgo it when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations "need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.' " *Id.* at 225-26 (citation omitted); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings. David v. United States, 134 F.3d at 477-478.

---

[4] *See* United States v. Wilson, 503 U.S. at 334, 112 S.Ct. 1351 (1992) ("[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing."). Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10-542.16, prisoners may then seek judicial review of any jail-time credit determination, *see* Wilson, 503 U.S. at 335, 112 S.Ct. 1351, by filing a habeas petition under 28 U.S.C. § 2241. *See* McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993); *see also* Rogers v. U.S., 180 F.3d 349, 357-358 (1st Cir. 1999).

Teófilo Caraballo de la Cruz v. United States
Civil No. 05-1975(PG)
Report and Recommendation
Page No. 9

As above discussed, petitioner's allegations in his § 2255 do not entitle him to relief. Thus, an evidentiary hearing is not warranted.[5]

## CONCLUSION

In view of the foregoing, it is recommended that petitioner's § 2255 BE DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 6th day of February of 2006.

           s/ CAMILLE L. VELEZ-RIVE
           CAMILLE L. VELEZ-RIVE
           UNITED STATES MAGISTRATE JUDGE

---

[5] A hearing on petitioner's motion is not required in this case. A hearing on petitioner's motion would be required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. §2255.

 Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (*quoting* Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)). *See* United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991); United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993).