**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

TEOFILO CARABALLO DE LA CRUZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. NO. 05-1975(PG)
Re: Crim. No. 03-211(PG)

**OPINION AND ORDER**

On February 6, 2006 Magistrate Judge Camille Velez-Rive issued a Report and Recommendation ("R&R")(Docket No. 8) on petitioner's Motion to Vacate (Docket No. 1.) Petitioner objects to only one portion of the R&R, namely the findings as to his credit for administrative detention argument. For the following reasons, the Court **ADOPTS** the Magistrate Judge's recommendations and **DENIES** petitioner's § 2255 motion.

**BACKGROUND**[1]

Petitioner was initially charged on August 6, 2003, with an Indictment for a violation to 8 U.S.C. § 1326(a)(2) and (b)(2), in that being an alien previously deported from the United States, was found in Puerto Rico, without obtaining prior to his re-embarkation, the express consent of the Attorney General or his designee. The offense was committed after petitioner was convicted of an aggravated felony.

On October 20, 2003, petitioner informed his intention to enter a plea of guilty (see Crim. No. 03-211, Docket No. 16) and shortly thereafter the government filed a Motion to Grant the Defendant's Acceptance of Responsibility Pursuant to Sentencing Guideline Section 3E1.1(b) (see Crim. No. 03-211, Docket No. 19).

On October 27, 2003, a Rule 11 hearing was held and petitioner was thereafter sentenced on February 2, 2004, within the applicable Sentencing Guideline Range of 41-51 months, to the lower end of Forty One (41) months of imprisonment and a supervised release term of three (3) years.

**DISCUSSION**

**I. Standard for Reviewing a Magistrate-Judge's Report and Recommendation**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule

---

[1] Petitioner does not object to the Magistrate Judge's factual findings, therefore, the Court culls the relevant facts from the R&R.

Civ. No. 05-1975 (PG)                                                    Page 2

503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections," 'the district court can assume that they have agreed to the magistrate's recommendation'." Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

**II. Analysis**

Petitioner argued in his § 2255 motion that his counsel was ineffective for not seeking credit for the thirty five days he spent incarcerated by the Bureau of Prisons prior to the filing of the Indictment. The Magistrate Judge concluded that petitioner's contention was without merit inasmuch as "§ 3585(b)[2] does not authorize a district court to compute the credit at sentencing." U.S. v. Wilson, 503 U.S. 329, 334 (1992). It is the Attorney General-and not the court-who decides whether time spent in detention will be credited towards a sentence. Id., see Carpio-Reyes v. U.S., 985 F.2d 552 (1st Cir. 1993).

Petitioner objects insisting that he should be given credit for the time

---

[2] 18 U.S.C.A. § 3585(b) states:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Civ. No. 05-1975 (PG) Page 3

spent in detention while awaiting criminal prosecution. (Objections, Docket No. 9 at 1.) In the alternative, he asks that the Court recommend to the Attorney General and the Bureau of Prisons that he be granted credit for the time spent in detention. (Id.)

Defendants "who seek credit for discharged sentences must ordinarily apply to the Attorney General, through the Bureau of Prisons, under 18 U.S.C. § 3585(b)". Wilson, 503 U.S. at 335. "Only after exhausting administrative review of this determination may defendants seek judicial review." U.S. v. Morales-Madera, 352 F.3d 1, 15 (1st Cir. 2003) (citations omitted). It is evident that petitioner has not exhausted the available administrative remedies. Petitioner should apply to the Bureau of Prisons under § 3585(b) to obtain credit for the time served.

## CONCLUSION

Having reviewed the Magistrate Judge's R&R, petitioner's only objection to it, and the applicable case law, the Court **ADOPTS** the Magistrate Judge's R&R (Docket No. 8) and **DENIES** petitioner's Motion to Vacate (Docket No. 1.)

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 15, 2006.


S/JUAN M. PEREZ-GIMENEZ
U. S. DISTRICT JUDGE